UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

ANTONIO PENEL,

                Plaintiff,

-against-

HARVARD MAINTENANCE, INC.
                Defendants.
-------------------------------------------------------------x

JUDGE SCHEINDLIN

'07 CIV 7138

**COMPLAINT**

**TRIAL BY JURY DEMANDED**



RECEIVED AUG 1 0 2007 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff, Antonio Penel, ("plaintiff") by his attorney, Kenneth W. Richardson for his Complaint against defendants, Harvard Maintenance, Inc. ("defendant") alleges the following:

1.    This is a civil rights action for declaratory relief, equitable relief, and monetary relief including back pay, front pay, compensatory and punitive damages and other relief to redress retaliation and discrimination in the terms and conditions of employment, based on plaintiff's gender.

2.    Plaintiff files this action in violation of federal, state and local city laws pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*, the New York State Executive Law §296 *et seq.*, and the New York City Administrative Code Title 8, §8-107 *et seq.*

**JURISDICTION AND VENUE**

3.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C, § 1331, 1343; and pursuant to the doctrine of pendent jurisdiction.

4. Venue is properly laid in the Southern District of New York because virtually all of the acts and events and omissions giving rise to this action as set forth herein occurred in the Southern District.

5. Plaintiff timely pursued all applicable administrative remedies. On or about May 17, 2006 plaintiff did receive a right to sue letter from the Equal Employment Opportunity Commission under charge number 520-2007-00806.

**PARTIES**

6. Plaintiff, Antonio Penel, is a Black, Haitian male. He is a resident of the State and City of New York, County of Brooklyn. Plaintiff had been employed by defendant since January 19, 1996. He was terminated on March 3, 2006.

7. Defendant's has an office in New York located at 570 Seventh Avenue, New York, New York. Upon information and belief at all relevant times herein defendant was an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ; the New York State Human Rights Law, as codified in Executive Law §290 et seq.; and Title 8 of the New York City Administrative Code.

8. At all relevant times herein plaintiff was an "employee" within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ; the New York State Human Rights Law, as codified in Executive Law §290 et seq.; and Title 8 of the New York City Administrative Code.

## FACTS

9. Plaintiff commenced his employment with defendant on January 19, 1996 as a Cleaner.

10. Plaintiff was constantly subjected to a hostile work environment due the disparate treatment afforded to not just himself but to other minority Blacks and Hispanics when compared to the way White employees are treated.

11. Plaintiff complained about discrimination and was retaliated against by being terminated.

## FIRST CLAIM FOR RELIEF

12. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 11 of this Complaint with the same force and effect as if set forth herein.

13. Defendant have discriminated against Plaintiff in the terms, conditions and privileges of his employment on the basis of his race, and nationality in violation of Title VII.

14. Defendant engaged in these discriminatory practices with notice of such practices and with malice, intent and/or reckless indifference to Plaintiff's rights protected under federal law.

15 Plaintiff suffered and is suffering irreparable injury and monetary damages as a result of Defendants' acts and discriminatory practices, as well as mental distress, anguish and humiliation, and will continue to so suffer unless and until this Court grants relief

## SECOND CLAIM FOR RELIEF

16. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 11 of this Complaint with the same force and effect as if set forth herein.

17. Defendants have discriminated against Plaintiff in the terms, conditions and privileges of his employment on the basis of his race, and nationality in violation of the New York State Executive Law §296 *et seq.*

18. Defendant engaged in these discriminatory practices with notice of such practices and with malice, intent and/or reckless indifference to Plaintiff's rights protected under state law.

19. Plaintiff suffered and is suffering irreparable injury and monetary damages as a result of Defendants' acts and discriminatory practices, as well as mental distress and anguish and humiliation, and will continue to so suffer unless and until this Court grants relief

## THIRD CLAIM FOR RELIEF

20. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 11 of this Complaint with the same force and effect as if set forth herein.

21. Defendants have discriminated against Plaintiff in the terms, conditions and privileges of his employment on the basis of his race, and nationality in violation of New York City Administrative Code Title 8, §8-107 *et seq.*

22. Defendants engaged in these discriminatory practices with notice of such practices and with malice, intent and/or reckless indifference

to Plaintiff's rights protected under the city code.

23    Plaintiff suffered and is suffering irreparable injury and monetary damages as a result of Defendants' acts and discriminatory practices, as well as mental distress and anguish and humiliation, and will continue to so suffer unless and until this Court grants relief

## FOURTH CLAIM FOR RELIEF

24    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 11 of this Complaint with the same force and effect as if set forth herein.

25    Defendant have discriminated against Plaintiff in violation of Title VII by retaliating against him for complaining about discrimination.

26.    Defendant engaged in these retaliatory practices with notice of such practices and with malice, intent and reckless indifference to Plaintiff's rights protected under federal law.

27.    Plaintiff suffered and is suffering irreparable injury and monetary damages as a result of Defendants' acts and retaliatory practices, as well as mental distress and anguish and humiliation, and will continue to so suffer unless and until this Court grants relief

## FIFTH CLAIM FOR RELIEF

28.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 11 of this Complaint with the same force and effect as if set forth herein.

29.    Defendant have discriminated against Plaintiff in violation of New York State Executive Law §296 *et seq.* by retaliating against him for