UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------x

ANTONIO PENEL,                                    Docket No. 07 CIV 7138 (SAS)

          Plaintiff,

      -against-                                    **ANSWER**

HARVARD MAINTENANCE, INC.,

          Defendant.

-----------------------------------------------------x

Defendant, **HARVARD MAINTENANCE, INC.**, ("Harvard") by and through its attorneys, **MILMAN LABUDA LAW GROUP PLLC**, hereby answers the Complaint of Plaintiff, **ANTIONIO PENEL**, ("Penel"), as follows:

1.     The allegations set forth in paragraph number 1 of the Complaint merely describe the nature of the action. As such, no response is required or made.

2.     The assertions contained in paragraph number 2 of the Complaint merely state conclusions of law. As such, no response is required or made.

3.     Defendant hereby admits the truth of the allegations contained in paragraphs numbered 3, 4, 7 and 8 of the Complaint.

4.     Defendant hereby denies the truth of the allegations contained in paragraphs numbered 9, 10, 11, 13, 14, 15, 17, 18, 19, 21, 22, 23, 25, 26, 27, 29, 30, 31, 33, 34 and 35 of the Complaint.

5.      Defendant denies possession of knowledge and information sufficient to form a belief concerning the truth of the allegations contained in paragraph numbered 5 of the Complaint.

6.      Defendant hereby admits the truth of those portions of paragraph numbered 6 that allege that Plaintiff is a Black, Haitian male and that his employment was terminated on or about March 3, 2006.  Defendant hereby denies the truth of that portion of paragraph numbered 6 that allege that Plaintiff was employed by Defendant since January 19, 1996.  Defendant hereby denies possession of knowledge and information sufficient to form a belief concerning the truth of that portion of paragraph numbered 6 that alleges that Plaintiff is resident of the State and City of New York, County of Brooklyn.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

7.      With respect to all causes of action contained in the Complaint, Plaintiff sets forth no demand for relief.  Therefore, the Complaint, and each and every part thereof, must be dismissed.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

8.      With respect to all causes of action contained in the Complaint, there is a failure of personal jurisdiction by virtue of lack of service.  Therefore, the Complaint, and each and every part thereof, must be dismissed.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

9.      With respect to the first cause of action contained in the Complaint, Plaintiff fails to state a cause of action upon which relief may be granted.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

10.    With respect to the first cause of action contained in the Complaint, Plaintiff was terminated by the same entity that had fired him. Therefore, Defendant is entitled to the "same actor inference."

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

11.    With respect to the first cause of action contained in the Complaint, Defendant at all times acted for legitimate, non-discriminatory and non-retaliatory reasons.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

12.    With respect to the first cause of action contained in the Complaint, any injury, mental distress, anguish and humiliation suffered by Plaintiff were caused by facts and circumstances wholly apart from and not attributable to the conduct of the Defendant.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

13.    With respect to the second cause of action contained in the Complaint, Plaintiff fails to state a cause of action upon which relief may be granted.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

14.    With respect to the second cause of action contained in the Complaint, Plaintiff was terminated by the same entity that had fired him. Therefore, Defendant is entitled to the "same actor inference."

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

15.    With respect to the second cause of action contained in the Complaint, Defendant at all times acted for legitimate, non-discriminatory and non-retaliatory reasons.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

16.     With respect to the second cause of action contained in the Complaint, any injury, mental distress, anguish and humiliation suffered by Plaintiff were caused by facts and circumstances wholly apart from and not attributable to the conduct of the Defendant.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

17.     With respect to the third cause of action contained in the Complaint, Plaintiff fails to state a cause of action upon which relief may be granted.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

18.   With respect to the third cause of action contained in the Complaint, Plaintiff was terminated by the same entity that had fired him.  Therefore, Defendant is entitled to the "same actor inference."

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

19.     With respect to the third cause of action contained in the Complaint, Defendant at all times acted for legitimate, non-discriminatory and non-retaliatory reasons.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

20.     With respect to the third cause of action contained in the Complaint, any injury, mental distress, anguish and humiliation suffered by Plaintiff were caused by facts and circumstances wholly apart from and not attributable to the conduct of the Defendant.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

21.     With respect to the third cause of action contained in the Complaint, Defendant has failed to allege that he has established a jurisdictional predicate for any claims under the New York City Administrative Code by serving the Corporation Counsel.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

22.     With respect to the fourth cause of action contained in the Complaint, Plaintiff has failed to state a cause of action upon which relief may be granted.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

23.     With respect to the fourth cause of action contained in the Complaint, Plaintiff engaged in no protected activity of which Defendant had knowledge.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

24.     With respect to the fourth cause of action contained in the Complaint, Plaintiff was terminated by the same entity that had fired him.  Therefore, Defendant is entitled to the "same actor inference"

## AS AND FOR A NINTEENTH AFFIRMATIVE DEFENSE

25.     With respect to the fourth cause of action contained in the Complaint Defendant at all times acted for legitimate, non-discriminatory and non-retaliatory reasons.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

26.     With respect to the fourth cause of action contained in the Complaint, any injury, mental distress, anguish and humiliation suffered by Plaintiff were caused by facts and circumstances wholly apart from and not attributable to the conduct of the Defendant.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

27.     With respect to the fifth cause of action contained in the Complaint, Plaintiff has failed to state a cause of action upon which relief may be granted.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

28.     With respect to the fifth cause of action contained in the Complaint, Plaintiff engaged in no protected activity of which Defendant had knowledge.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

29.    With respect to the fifth cause of action contained in the Complaint, Defendant at all times acted for legitimate, non-discriminatory and non-retaliatory reasons.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

30.    With respect to the fifth cause of action contained in the Complaint, any injury, mental distress, anguish and humiliation suffered by Plaintiff were caused by facts and circumstances wholly apart from and not attributable to the conduct of the Defendant.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

31.    With respect to the sixth cause of action contained in the Complaint, Plaintiff has failed to state a cause of action upon which relief may be granted.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

32.    With respect to the sixth cause of action contained in the Complaint, Plaintiff engaged in no protected activity of which Defendant had knowledge.

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

33.    With respect to the sixth cause of action contained in the Complaint, Plaintiff has failed to state a cause of action upon which relief may be granted.

## AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

34.    With respect to the sixth cause of action contained in the Complaint, any injury, mental distress, anguish and humiliation suffered by Plaintiff were caused by facts and circumstances wholly a part from and not attributable to the conduct of the Defendant.

## AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

35.    With respect to the third cause of action contained in the Complaint, Defendant

has failed to allege that he has established a jurisdictional predicate for any claims

under the New York City Administrative Code by serving the Corporation Counsel.

## AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

36.    With respect to all causes of actions contained in the Complaint, Plaintiff's

Complaint, and each and every part thereof must be dismissed due to arbitration and

award.

37.    Plaintiff's position was covered under a collective bargaining agreement between

the Defendant and Local 32B-32J, Service Employees International Union.  The

collective bargaining agreement provided for binding arbitration in the event of a dispute

between the parties.

38. Following his termination of employment, Plaintiff filed a grievance with Local

32B-32J.

39. The Union referred the matter to binding arbitration before Arbitrator Philip Ross,

the duly designated contract arbitrator.

40. The arbitrator held a full and impartial hearing, with both sides present and

represented by counsel.

41. After hearing witnesses and reviewing evidence from both sides, Arbitrator Ross

upheld the discharge of Plaintiff by Defendant.

### AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

42.    Plaintiff filed a Charge of Discrimination at the Equal Employment Opportunity Commission ("EEOC").

43.    The EEOC conducted a full investigation into the Plaintiff's Complaint.

44.    After reviewing evidence submitted by both sides, the EEOC concluded that the Plaintiff's Complaint was not supported by "probable cause."

### AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

45    With respect to all causes of action contained in the Complaint, Plaintiff has failed to mitigate his damages.

### AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

46.    With respect to all causes of action contained in the Complaint, any claim for illness and/or injury is pre-empted by the executive remedy provided by the Workers' Compensation statute.

WHEREFORE, for all of the reasons set forth above, Defendant, **HARVARD MAINTENANCE, INC**. respectfully prays for an Order dismissing the Complaint of the Plaintiff, **ANTONIO PENEL**, and each and every part thereof, for the costs and disbursements of the action, including reasonable attorney's fees, and for such other and further relief as to the Honorable Court may seem just and proper.

Dated: Lake Success, NY
       November 1, 2007

Perry S. Heidecker, Esq. (PH 6955)
Milman Labuda Law Group PLLC
Attorneys for Defendant
3000 Marcus Avenue, Suite 3W3
Lake Success, New York  11042
(516)  328-8899

TO:    Kenneth W. Richardson, Esq. (8701)
       Attorney for Plaintiff
       305 Broadway, Suite 1100
       New York, New York  1007
       (212) 962-4277

| 2 Weeks Ending | Days Worked over 10 hours | Spread of Hours Wages Owed (Days Worked over 10 hours X Minimum Wage) |
|---|---|---|
| 5/20/2006 | 5 | $33.75 |
| 6/3/2006 | 7 | $47.25 |
| 6/17/2006 | 5 | $33.75 |
| 7/1/2006 | 4 | $27.00 |
| 7/15/2006 | 2 | $13.50 |
| 7/22/2006 | 3 | $20.25 |
| 8/19/2006 | 4 | $27.00 |
| 9/9/2006 | 2 | $13.50 |
| 9/23/2006 | 2 | $13.50 |
| 10/7/2006 | 3 | $20.25 |
| 10/21/2006 | 1 | $6.75 |
| **TOTAL** | | **$256.50** |