**MILMAN LABUDA LAW GROUP PLLC**
3000 Marcus Avenue
Suite 3W3
Lake Success, New York 11042

---

Telephone (516) 328-8899
Facsimile (516) 328-0082

Author's Direct E-Mail Address:
netanelnewberger@mllaborlaw.com

Direct Dial:
(516) 303-1356

Via ECF

May 21, 2008

Honorable Shira A. Scheindlin, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  **Antonio Penel v. Harvard Maintenance, Inc.**
 **Docket No.: 07-CV-7138 (SAS)**
 **MLLG File No.: 97-07**

Dear Judge Scheindlin:

  This law firm represents the Defendant, Harvard Maintenance, Inc. ("Defendant") in the above-referenced matter. We write to request a pre-motion conference wherein we intend to seek leave to file a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. We also request that any pre-trial requirements in connection with the trial in this action be stayed pending determination of the motion for summary judgment.

  It is settled law in the Second Circuit that

> a negative arbitration decision rendered under a CBA does not preclude a Title VII action by a discharged employee….However, a decision by an independent tribunal that is not itself subject to a claim of bias will attenuate a plaintiff's proof of the requisite causal link. Where…that decision follows an evidentiary hearing and is based on substantial evidence, the Title VII plaintiff, to survive a motion for summary judgment, must present strong evidence that the decision was wrong as a matter of fact -- e.g. new evidence not before the tribunal -- or that the impartiality of the proceeding was somehow compromised.

Collins v. New York Transit Authority, 305 F.3d 113, 119 (2nd Cir. 2002). See also Simpri v. City of New York, 2003 U.S. Dist. LEXIS 23266 (S.D.N.Y. 2003); Warner v. City of New York, 2007 U.S. Dist. LEXIS 18439 (S.D.N.Y. 2007); Jasmin v. New York State Department of Labor, 2007 U.S. Dist. LEXIS 43898 (S.D.N.Y. 2007).

In this matter, the Plaintiff was discharged by Defendant on March 8, 2006. Plaintiff's union grieved the termination and brought the case to arbitration before Arbitrator Philip Ross. At the arbitration, both sides were represented by counsel and had a full and fair opportunity to present evidence through direct and cross examination of witnesses, as well as the introduction of documents. On the basis of the evidence presented, Arbitrator Ross issued a written opinion on November 28, 2006, sustaining the discharge of Plaintiff. Moreover, Arbitrator Ross even noted that *"I did not believe a single word that the grievant uttered in his own defense."*

Following the arbitration, Plaintiff commenced the instant action on or about August 10, 2007, alleging violations of Title VII. However, as noted above, there exists an arbitration decision that is unfavorable to Plaintiff and is based on the same facts which gave rise to the instant action. Therefore, pursuant to the case law cited above, Plaintiff, in order to survive a motion for summary judgment, must present strong evidence that the arbitration decision was wrong as a matter of fact – i.e., new evidence not before the arbitrator, or that the impartiality of the arbitration was somehow compromised. It is Defendant's position that Plaintiff will be unable to maintain this high and difficult standard of proof, and that Defendant will accordingly prevail on summary judgment in this action.

A copy of this letter is being served upon counsel for the Plaintiff.

Thank you for your most kind consideration in this matter.

Respectfully submitted,

MILMAN LABUDA LAW GROUP, PLLC

/s/
Netanel Newberger

cc:   Kenneth W. Richardson, Esq.
      Stanley K. Doobin